UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAIMON MONROE,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN WILLIAMS, et al.,<br><br>        Respondents. | Case No. 2:18-cv-01491-GMN-PAL<br><br>**ORDER** |

    The court dismissed this action for non-payment of the filing fee. ECF No. 14. However, soon after the court checked its financial records, payment of the filing fee was recorded. Petitioner now has filed a motion for relief from the judgment (ECF No. 16), which the court grants. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will serve the petition upon respondents for a response.

    Based upon preliminary review, the action appears to be untimely.:

        A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a).

  Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

  Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

  Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting

Schlup v. Delo, 513 U.S. 298, 329 (1995)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court.  Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

After a jury trial in state district court, petitioner was convicted of one count of conspiracy to possess stolen property and/or to commit burglary and twenty-six counts of possession of stolen property.  The state district court entered its judgment of conviction on November 4, 2008.[1]  Petitioner appealed.  On July 30, 2010, the Nevada Supreme Court determined that the evidence was insufficient for one of the counts of possession of stolen property, and it affirmed on all other grounds.[2]  On September 17, 2010, the state district court entered an amended judgment of conviction.  Petitioner did not appeal the amended judgment.  On October 28, 2010, the time to petition the Supreme Court of the United States for a writ of certiorari expired.  The one-year period of 28 U.S.C. § 2244(d)(1)(A) started the next day.

On July 7, 2011, petitioner filed his first state post-conviction habeas corpus petition in the state district court.  Two hundred fifty-one (251) days had passed between the finality of the judgment of conviction and the filing of the first state petition.  The state district court denied the petition.  Petitioner appealed.  The Nevada Supreme Court affirmed on October 16, 2015.[3]  Remittitur issued on November 10, 2015.

Petitioner filed nothing else in the state courts in the time remaining under the one-year period of 28 U.S.C. § 2244(d)(1)(A).  That period expired at the end of March 4, 2016.  Petitioner did file motions and petitions in the state courts after that date.  However, a state post-conviction petition or other motion for collateral review does not toll § 2244(d)(1)'s period of limitations when the period has already expired.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

---

[1] https://www.clarkcountycourts.us/Portal/Home/Dashboard/29# (report generated June 26, 2019).  A person wishing to access this case will need to enter the case number, 06C228752-1, exactly.
[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=20558 (report generated June 26, 2019).
[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34024 (report generated June 26, 2019).

3

1  Petitioner mailed his federal habeas corpus petition to the court on August 8, 2018. It thus
2  appears that the petition is untimely.

3  Petitioner alleges that only recently did he receive a photograph showing a discrepancy in
4  the date searches were executed and the date of the search warrants. It is possible that 28 U.S.C.
5  § 2244(d)(1)(D), which starts the one-year period from the date of learning of the factual
6  predicate of the claim, might apply. For this reason, a review of the record is necessary before the
7  court can determine that the action is untimely.

8  IT THEREFORE IS ORDERED that petitioner's motion for relief from judgment (ECF
9  No. 16) is **GRANTED**. The order (ECF No. 14) and judgment (ECF No. 15) dismissing this
10 action are vacated. The clerk of the court shall reopen this action.

11 IT FURTHER IS ORDERED that the clerk of the court shall file the petition for a writ of
12 habeas corpus pursuant to 28 U.S.C. § 2254, currently in the docket at ECF No. 1-1.

13 IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for
14 the State of Nevada, as counsel for respondents.

15 IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a
16 copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the
17 petition.

18 IT FURTHER IS ORDERED that respondents will have sixty (60) days from the date on
19 which the petition was served to answer or otherwise respond to the petition. Respondents shall
20 raise all potential affirmative defenses in the initial responsive pleading, including untimeliness,
21 lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained.

22 IT FURTHER IS ORDERED that if respondents file and serve an answer, then they must
23 comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District
24 Courts. Petitioner then will have forty-five (45) days from the date on which the answer is served
25 to file a reply.

26 IT FURTHER IS ORDERED that if respondents file a motion, then petitioner will have
27 forty-five (45) days to file a response to the motion, and respondents will have twenty-one (21)
28 days from the date of filing of the response to file a reply.

1  IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies
2  of any electronically filed exhibits need not be provided to chambers or to the staff attorney,
3  unless later directed by the court.
4  DATED: June 28, 2019

_____
GLORIA M. NAVARRO
Chief United States District Judge