UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAIMON MONROE, | Case No. 2:18-cv-01491-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| WARDEN WILLIAMS, et al., | |
| Respondents. | |

**I.     Introduction**

This is a pro se habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are Daimon Monroe's petition for a writ of habeas corpus (ECF No. 19), respondents' motion to dismiss (ECF No. 27), Monroe's motion for stay (ECF No. 55), respondents' opposition to the motion for stay (ECF No. 56), and Monroe's response to opposition of stay (ECF No. 57).  The court finds that the action is untimely, even with a delayed accrual of the statute of limitations.  The court thus grants respondents' motion to dismiss.  A stay would not cure the defect of untimeliness, and the court thus denies Monroe's motion for a stay.

**II.     Procedural History**

After a jury trial, Monroe was convicted of one count of conspiracy to possess stolen property and/or to commit burglary and twenty-six counts of possession of stolen property.  Ex. 110 (ECF No. 43-11).  Monroe appealed.  On July 30, 2010, the Nevada Supreme Court reversed

1  the conviction of one count of possession of stolen property and affirmed in all other respects.
2  Ex. 136 (ECF No. 45-4). On September 17, 2010, the state district court entered an amended
3  judgment of conviction. Ex. 139 (ECF No. 45-7). Monroe did not appeal the amended judgment
4  of conviction.

5  On July 7, 2011, Monroe filed his first post-conviction habeas corpus petition in the state
6  district court. Ex. 141 (ECF No. 45-9). The state district court denied the petition on May 20,
7  2014. Ex. 193 (ECF No. 48-11). Monroe appealed. The Nevada Supreme Court affirmed on
8  October 16, 2015. Ex. 202 (ECF No. 50-2). Remittitur issued on November 10, 2015. Ex. 203
9  (ECF No. 50-3).

10  On December 16, 2016, Monroe filed his second post-conviction habeas corpus petition in
11  the state district court. Ex. 215 (ECF No. 50-15). The state district court denied the petition on
12  May 5, 2017. Ex. 225 (ECF No. 51-10). The state district court determined that the second state
13  petition was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat.
14  § 34.810. Id. The state district court also determined that Monroe had not shown good cause and
15  prejudice to overcome those state-law procedural bars. Id. Monroe appealed. The Nevada
16  Supreme Court transferred the case to the Nevada Court of Appeals. Ex. 232 (ECF No. 51-17).
17  On February 13, 2018, the Nevada Court of Appeals affirmed the state district court's decision.
18  Ex. 235 (ECF No. 52-1). Monroe asked the Nevada Supreme Court to review the decision. The
19  Nevada Supreme Court granted the petition for review. Ex. 244 (ECF No. 52-10). On July 20,
20  2018, the Nevada Supreme Court affirmed the state district court's decision. Ex. 247 (ECF No.
21  52-13). Remittitur issued on August 16, 2018. Ex. 249 (ECF No. 52-15).

22  On August 8, 2018, Monroe dispatched his federal habeas corpus petition under 28 U.S.C.
23  § 2254 to the court. The court received the petition on August 10, 2018.

24  Subsequent to commencing this action, Monroe filed more motions in state court. They
25  are not relevant to the question of timeliness.

26  **III.    Legal Standard**

27  Congress has limited the time in which a person can petition for a writ of habeas corpus
28  pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

**IV.     Discussion**

    **A.     The petition is untimely**

        **1.     Accrual by finality of judgment**

If the one-year period started running on the date that Monroe's judgment of conviction became final, then the action is untimely. The judgment of conviction became final on October 28, 2010, when the time to appeal the amended judgment of conviction expired. When Monroe filed his first state post-conviction petition on July 7, 2011, 251 days had passed. The one-year period then stopped while that post-conviction petition was pending in state court. The one-year period resumed the day after remittitur issued on November 10, 2015. Monroe had nothing else pending in state court for the remainder of the period, and the period expired at the end of March 4, 2016. The federal petition, mailed on August 8, 2018, was more than two years late.

        **2.     Accrual by learning of factual predicate**

Monroe argues that nine and a half years after a search of his residence, or in March 2016, he saw a photograph that showed an irregularity of a search warrant. ECF No. 19 at 3, ECF No. 55 at 1. Assuming that Monroe's argument is true, and his seeing of the photograph in March 2016 qualifies as learning of the factual predicate of his claims for a delayed accrual of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), the action still is untimely. If Monroe saw the photograph on March 31, 2016, then the one-year period would have started the next day, on April 1, 2016. Monroe filed his second state post-conviction petition on December 16, 2016. However, that petition was untimely under Nev. Rev. Stat. § 34.726(1). It did not qualify for tolling of the one-year period under 28 U.S.C. § 2244(d)(2). <u>Pace</u>, 544 U.S. at 417. The one-year period would have expired at the end of March 31, 2017. The federal petition, mailed on August 8, 2018, was more than one year late.

    **B.     Equitable tolling is not warranted**

Monroe does not argue that the court should grant him equitable tolling, but nonetheless the court has considered it in combination with the delayed accrual of the one-year period under § 2244(d)(1)(D). Equitable tolling does not stop the limitation clock; once the extraordinary circumstance that prevented timely filing goes away, Monroe needed to be diligent in filing his

federal habeas corpus petition. Smith v. Davis, 953 F.3d 582 (9th Cir. 2020). Perhaps Monroe thought that he had one year from learning about the photograph to file his state post-conviction habeas corpus petition. However, once Monroe completed the state post-conviction petition form, he would have learned otherwise. Nevada's one-year statute of limitations, Nev. Rev. Stat. § 34.726(1), is a pleading requirement. Question 19 on the petition form asked Monroe to explain why he was filing the petition more than a year late, and Monroe wrote, "Yes. New evidence." Ex. 215 at 5 (ECF No. 50-15 at 6). At that point, Monroe knew or should have known that there was no guarantee that the state courts would determine his second state petition to be timely, and thus eligible for tolling under § 2244(d)(2). If the state courts ultimately found that the second state petition was untimely, then all that time would not have been tolled under § 2244(d)(2). Pace, 544 U.S. at 417. He also could not rely upon this court later determining that equitable tolling was warranted for the time that he spent on the untimely second state petition. Whatever extraordinary circumstance that prevented Monroe from timely filing a federal habeas corpus petition had gone away. He was able to file a federal petition because he was filing a state petition, and from the state petition form he knew that he had a timeliness problem. The Supreme Court has explained what a petitioner can do when the timeliness of a state petition, and thus its eligibility for tolling under § 2244(d)(2), is in doubt. The petitioner can file a "protective" federal habeas corpus petition and ask the federal district court to stay the proceedings until the state proceedings have concluded. Pace, 544 U.S. at 416-17 (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)). Monroe did nothing, and doing nothing in the face of a potentially untimely second state petition was not diligence. Consequently, equitable tolling is not warranted.

**C.  Monroe has not demonstrated actual innocence**

To the extent that Monroe argues that the irregularity in the search warrant shows that he is actually innocent, the court disagrees. An irregularity in the search warrant is not factual innocence, but a legal insufficiency. Bousley, 523 U.S. at 623. Monroe has not demonstrated actual innocence.

### D. The court will not address respondents' other arguments

Respondents present other arguments in their motion to dismiss. They argue that ground 1 is a Fourth Amendment claim that is not addressable in federal habeas corpus because Monroe had a full and fair opportunity to litigate the claim in state court. ECF No. 27 at 8 (citing Stone v. Powell, 428 U.S. 465, 494 (1976)). They argue that ground 3 is unexhausted, ECF No. 27 at 5-7, procedurally defaulted, id. at 7-8, and conclusory, id. at 8. The court will not address these arguments because the court is dismissing the action as a whole as untimely.

### E. The court denies Monroe's motion for stay

Monroe asks the court to stay this action while he returns to state court to obtain copies of the search warrants. ECF No. 55. However, a stay to obtain the warrants would not solve the untimeliness of this action. Consequently, the court denies Monroe's motion for stay.

### F. The court will not issue a certificate of appealability

Reasonable jurists would not find debatable or wrong the court's conclusion that the action is untimely, regardless of the accrual date. Reasonable jurists also would not find debatable or wrong the court's conclusion that Monroe did not demonstrate the diligence needed for equitable tolling. Finally, reasonable jurists would not find debatable or wrong the court's conclusion that Monroe has not demonstrated actual innocence. For these reasons, the court will not issue a certificate of appealability.

## V. Conclusion

IT THEREFORE IS ORDERED that petitioner's motion for stay (ECF No. 55) is **DENIED**.

IT FURTHER IS ORDERED that respondents motion to dismiss (ECF No. 27) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely. The clerk of the court will enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: May 14, 2020

_____
GLORIA M. NAVARRO
United States District Judge